IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:18-cv-1044-JTA |
| | ) |
| KILOLO KIJAKAZI, | )    (WO) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), the claimant, Albert Wilson ("Wilson"), brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The Commissioner denied Wilson's claim for a period of disability and Disability Insurance Benefits ("DIB"). (R. 15.) The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 21, 22.)

Based upon review of the record and the briefs submitted by the parties, the Court finds that the decision of the Commissioner is due to be AFFIRMED.

---

[1] Under Federal Rule of Civil Procedure 25(d), the Court substitutes Kilolo Kijakazi, the acting Commissioner of the Social Security Administration, for Andrew Saul, the former Commissioner.

[2] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

## I. PROCEDURAL HISTORY AND FACTS

Wilson was born on May 18, 1963, and was 54 years old at the time of the administrative hearing held on February 8, 2018. (R. 201.) He completed high school and previously worked as a corrections officer for the Alabama Department of Corrections. (R. 357.) He also served as a member of the United States Army Reserve through October 2017. (R. 213.) He alleges a disability onset date of January 31, 2016, due to post-traumatic stress disorder, depressive disorder, back problems, and tinnitus. (R. 325.)

On February 16, 2016, Wilson applied for DIB under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq*. (*Id*.) The application was denied on May 18, 2016 (R. 248), and Wilson requested an administrative hearing (R. 257).

Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Wilson's request for benefits in a decision dated March 21, 2018. (R. 12-28.) Wilson submitted additional medical records to the Appeals Council, which denied his request for review on October 30, 2018. (R. 1-6.) Therefore, the ALJ's decision became the final decision of the Commissioner. On December 13, 2018, Wilson filed the instant action appealing the decision of the Commissioner. (Doc. No. 1.)

## II. STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "Substantial

evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)).  Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence.  *Id*. at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner.  *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210.  However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*.  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

### III.   STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB must prove that he is disabled.  *See* 20 C.F.R. § 404.1505.  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520.  The evaluation is made at the hearing conducted by the ALJ.  *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018).

First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is a work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d). If the claimant has failed to establish that he is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant can perform any other relevant work corresponding with his RFC, age, education, and work experience. 20

C.F.R. § 404.1560(c).  Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given his RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 404.1560(c).

## IV.   ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process the ALJ found that Wilson has not engaged in substantial gainful activity since January 26, 2016,[3] the alleged onset date of disability, and that he suffers from the following severe impairments that significantly limit his ability to perform basic work activities: multilevel lumbar degenerative disc disease with foraminal stenosis and spondylosis, obstructive sleep apnea, myalgias, polyarthralgia, impaired fasting glucose, obesity, hearing loss, tinnitus, depression, anxiety, and post-traumatic stress disorder.  (R. 17.)  The ALJ concluded that Wilson's severe impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 17-20.)

After consideration of the entire record, the ALJ determined that Wilson retains the RFC to perform less than a full range of light work[4] as defined in 20 C.F.R. § 404.1657(b). (R. 20.)  The ALJ found the following workplace limitations applicable to Wilson:

---

[3] The Court notes that the ALJ provides this date in the decision, but Wilson's application for DIB provides an onset date of January 31, 2016. (R. 325.)  The parties do not explain this discrepancy.

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities . . ."  20 C.F.R. § 404.1657(b).

> He can lift 20 pounds occasionally and ten pounds frequently. He can stand/walk for six hours and sit for six hours in an eight hour workday with customary breaks. He is precluded from climbing ladders, ropes, scaffolds. He is precluded from crawling and from working around loud noise. He can perform simple, routine tasks, with occasional changes in work. He is precluded from public interaction. He is precluded from coordinating with coworkers to complete his tasks or other tasks.

(*Id.*)

Following the testimony of the Vocational Expert ("VE"), the ALJ determined that Wilson was precluded from performing any past relevant work. (R. 27.) The ALJ also found that based upon Wilson's age, education, work experience and RFC, there are jobs that exist in "significant numbers in the national economy" that he can perform, and therefore he was not disabled as defined by the Act. (*Id.*) The ALJ further concluded that Wilson had not been under a disability from January 26, 2016, through March 21, 2018, the date of the ALJ's decision. (R. 28.)

## V.   DISCUSSION

Wilson presents four arguments on appeal. First, Wilson argues that new evidence he presented to the Appeals Council warrants remand and a *de novo* review. (Doc. No. 13 at 7.) Second, he argues that the ALJ erred by failing to order a consultative evaluation that would have allowed a more informed decision regarding his disability. (*Id*. at 9-10.) Third, he argues that the ALJ did not properly consider the consulting opinion of Dr. Theron Covin, Ed.D. (*Id*. at 10-11.) Fourth, he argues that the ALJ's RFC determination is not based on substantial evidence. (*Id*. at 11-15.)

The Court evaluates each of Wilson's arguments below.

A. Remand Is Not Warranted Because The Additional Evidence Is Not Material.

Wilson asserts that a remand is appropriate because the Appeals Council committed legal error when it refused to consider supplemental evidence that he provided that is new, material, and chronogically relevant. (Doc. No. 13 at 7.) He argues that if the ALJ had reviewed the records, the ALJ's decision likely would have been different because the information therein supported the conclusions of his treating psychiatrists that he is disabled. (*Id*. at 7-9.) The Commissioner responds that the Appeals Council evaluated the evidence and properly concluded that it was not material because there was no reasonable probability that it would have changed the outcome of the proceeding. (Doc. No. 15 at 7.)

A claimant is allowed to present new evidence at each stage of the administrative process, including before the Appeals Council. 20 C.F.R. § 404.900(b). If the claimant submits new evidence after the ALJ's decision, the Appeals Council must consider the evidence if it is new, material, and chronologically relevant. *See Washington v. Social Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015); 20 C.F.R. § 404.970(b). The evidence is material if "there is a reasonable possibility that [the new evidence] would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987); *see* 20 C.F.R. § 404.970(a)(5).

Here, Wilson's argument is unavailing. In determining the materiality of the evidence, the Appeals Council reviewed 165 pages of Wilson's additional records regarding his treatment by psychiatrists Dr. S.R. Mudragada and Dr. Baowu Wang between April 6, 2015 and May 18, 2018. (R. 2, 33-197.) The ALJ considered, but gave little weight to, both doctors' assessments of Wilson. (R. 23.) Dr. Wang stated that Wilson "is

7

unable to perform 'his job due to [a] physical disability of back pain'" and Dr. Mudragada opined that Wilson is "permanently incapacitated to perform duties as a correction officer or any forms of employment." (R. 432, 628.) The ALJ noted that determinations of a claimant's ability to work are reserved for the Commissioner under 20 C.F.R. § 404.1527(d) and that both doctors are psychiatrists without expertise in assessing Wilson's musculoskeletal or physical disabilities. (R. 23.) Agency regulations support the ALJ's grounds for discounting these opinions. *See* 20 C.F.R. § 404.1527(c)(5) (agency regulation explaining that it generally gives "more weight to the medical opinion of a specialist about medical issues related to his or her areas of specialty than to the medical opinion of a source who is not a specialist").

The ALJ noted that Dr. Wang conducted "minimum examinations" with Wilson and there were no treatment records from Dr. Mudragada. (R. 23, 25.) Though the additional evidence supplements the gap in Dr. Mudragada's treatment records, the Appeals Council correctly determined that the records would not change the outcome of the decision because the ALJ had correctly discounted the psychiatrists' opinions on Wilson's physical ability to work. Given the immateriality of Dr. Mudragada's treatment records to Wilson's physical ability to work, there is no reasonable probability that this evidence would have changed the outcome of the ALJ's decision. Wilson's arguments lack merit because the ALJ cited substantial grounds to discount the opinions of Drs. Mudragada and Wang. *See D'Andrea v. Commissioner of Social Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (weight accorded a medical opinion is supported by the record where the ALJ articulates

at least one specific reason for disregarding the opinion). Accordingly, the Court finds no error in the Appeals Council's decision.

      B.    A Consultative Examination Was Not Required To Develop The Record.

Wilson claims that the ALJ erred because the ALJ did not order a consultative examination, and therefore failed to develop a full and fair record. (Doc. No. 13 at 9-10.) The Commissioner counters that the ALJ is not required to order further examinations because the record contained sufficient evidence for the ALJ to reach an informed decision. (Doc. No. 15 at 10.)

The elements of Wilson's argument are (1) he was represented by a non-attorney and (2) most of the treatment records available to the ALJ were created prior to his alleged disability onset date of January 31, 2016. (Doc. No. 13 at 10.) He acknowledges that the ALJ had post-onset records pertaining to sleep apnea and an MRI, and Dr. Covin's summary of treatment from September 2013 to February 20016. (*Id.*) However, Wilson asserts the absence of additional records triggered the ALJ's duty to order a consultative exam and the failure to do so requires remand. (*Id.*)

The Commissioner responds that, while an ALJ has a basic obligation to fully and fairly develop the record, there is no "special duty" to do so unless a claimant has waived his right to representation. (Doc. No. 15 at 10 (quoting *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam).) Under *Brown*, "[t]here must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Brown*, 44 F.3d at 934. The Commissioner also responds that an ALJ "is not required to

9

order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." *Ingram*, 496 F.3d at 1269.  The Commissioner contends that Wilson is attempting to shift his burden of proof to the ALJ and ignores the substantial evidence supporting the administrative decision. (Doc. No. 15 at 10.)

In Social Security proceedings, "an individual who files an application for … disability benefits must prove that she is disabled." *Whetstone v. Barnhart*, 263 F. Supp. 2d 1318, 1320 (M.D. Ala. 2003) (citing 20 C.F.R. § 416.912 (1999)).  These proceedings are inquisitorial rather than adversarial, which means an ALJ has the duty to investigate the facts and develop an argument both for and against granting benefits.  *Sims v. Apfel*, 530 U.S. 103, 111 (2000).  Thus, the ALJ is charged with developing a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1999) (per curiam); *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988).  *See also* 20 C.F.R. § 416.912(b) (stating that, before the ALJ determines the claimant is not disabled, "[the ALJ] will develop [the claimant's] complete medical history for at least the 12 months preceding the month in which [she] file[s her] application").  This duty exists whether or not the claimant is represented by counsel.  *Brown*, 44 F.3d at 934; *Robinson v. Astrue*, 235 F. App'x 725, 727 (11th Cir. 2007).

The Court finds that, to the extent Wilson suggests the ALJ had a heightened duty to develop the record because his representative was not an attorney, such claim is baseless. This is so because Wilson neither challenges his former representative's qualifications nor claims that some specific error prejudiced him.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *see also Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862, 872 (11th

10

Cir. 2016) (where claimant was represented by counsel, the ALJ had no heightened duty to develop the record as she would if claimant was unrepresented.). Having addressed Wilson's claim that the ALJ did not meet her duty based upon his representation, the Court now reviews the adequacy of the record.

To warrant remand for the ALJ's failure to develop the record, there must be a showing of unfairness or clear prejudice. *Brown*, 44 F.3d at 935 (citing *Kelly v. Heckler*, 761 F.2d 1538, 1540 n.2 (11th Cir. 1985)); *Colon*, 660 F. App'x at 870; *Bellew v. Acting Comm'r of Social Sec.*, 605 F. App'x 917, 932 (11th Cir. 2015) (quoting *Brown*, 44 F.3d at 932) ("In determining whether remand is necessary for development of the record, we consider 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.' ").

> Accordingly, "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record." *Id*. (internal quotation marks omitted). Before ordering a remand, we will review the administrative record as a whole to determine if it is inadequate or incomplete or "show[s] the kind of gaps in the evidence necessary to demonstrate prejudice." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (per curiam).

*Bellew*, 605 F. App'x at 932.

Here, Wilson does not raise a specific claim of prejudice, but merely argues that the record was inadequate because most of the treatment records preceded the onset date of his alleged disability. (Doc. No. 13 at 10.) The Commissioner notes that Wilson's representative believed the record was adequately developed, as she asked the ALJ to find

disability based on the contents of the file as it existed on the date of the administrative hearing. (Doc. No. 15 at 11; R. 228.) Because the Commissioner is required to develop the record for the twelve months preceding the month of the application, the administrative file is adequate for Wilson's application date of February 16, 2016, since it contains treatment records for January 2015 through January 2016. *See Ellison*, 355 F.3d at 1216 (noting that the ALJ is required to develop a claimant's medical history for the twelve months preceding the month in which the application was filed); 20 C.F.R. § 416.912(b).

Moreover, Wilson does not meet the *Graham/Brown* prejudice standard because the records relevant to his alleged onset date and grounds for disability were before the ALJ. *Graham*, 129 F.3d at 1423; *see also Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014) (contrasting grant of remand for *pro se* plaintiff in *Brown*, where record contained evidentiary gaps, with denial of remand for represented claimant who was responsible for producing evidence of her disability). Here, as in *Sarria*, Wilson was represented during the administrative process and was responsible for producing evidence related to his disability. His disagreement with the ALJ's interpretation of the administrative record does not warrant a remand. *Sarria*, 579 F. App'x at 724.

The Court finds that the record contained adequate, relevant records for the ALJ to decide that Wilson was not disabled. Further, Wilson has not demonstrated the record contained evidentiary gaps which resulted in unfairness or clear prejudice. *Brown*, 44 F.3d at 935.

C.  The ALJ Properly Considered The Opinion Of Dr. Covin.

Wilson claims that remand is necessary because the ALJ failed to properly consider a consulting opinion from Theron Covin, Ed.D. of the Center for Counseling & Human Development. (Doc. No. 13 at 10-11.)  The Commissioner responds that because Dr. Covin is not an acceptable medical source but is classified as an "other source," the ALJ's explanation provided sufficient detail regarding her treatment of Dr. Covin's assessment. (Doc. No. 15 at 12.)

The crux of Wilson's complaint regarding the ALJ's treatment of Dr. Covin's assessment is that the ALJ cited it for the purpose of showing that Wilson "does not have marked hearing loss" but the ALJ did not analyze, reject, or properly consider the remainder of Dr. Covin's opinion.  (Doc. No. 13 at 11.)[5]  Yet, Dr. Covin's report makes clear that he "reviewed [Wilson's] service medical record pertaining to the chronic back condition" (R. 624) and incorporated records from the Department of Veterans Affairs ("VA") assessing Wilson's hearing and back problems as a basis for a finding of disability by that agency (R. 625-26).  Dr. Covin did not perform an independent assessment of any alleged physical disability and merely cited VA records on the issue of Wilson's hearing loss.  (R. 22, 625.)  Based upon his review of the VA records, Dr. Covin opined " 'that it is more likely than not' [Wilson] is totally and permanently disabled, cannot hold gainful employment and is not a likely candidate to be rehabilitated."  (R. 624.)

---

[5] Wilson's brief provides an incorrect citation for the ALJ's reference to Dr. Covin's report regarding his hearing loss.  The relevant discussion is at R. 22, not R. 20.

13

The Commissioner argues the ALJ considered Dr. Covin's report though the ALJ did not expressly state whether she accorded it any weight. (Doc. No. 15 at 13.) The Commissioner notes that Dr. Covin is considered a non-medical "other source" under SSR 06-03p. (*Id*. at 12 (citing SSR 06-03p, 2006 WL 2329939).)[6] SSR 06-03p requires an ALJ to generally "explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p, 2006 WL 2329939 at *2. The Commissioner likens Dr. Covin's opinion to those from Drs. Wang and Mudragada, noting that the ALJ provided valid, supported reasons to discount Dr. Covin's opinion regarding disability because Wilson's physical ability is outside Dr. Covin's field of expertise and the determination of disability is reserved for the Commissioner under 20 C.F.R. § 404.1527(d). (Doc. No. 15 at 12.)

The Court finds the ALJ properly considered the opinion of Dr. Covin.[7] The ALJ incorporated Dr. Covin's findings into her determination of severe impairments (depression, anxiety and post-traumatic stress disorder). (R. 24.) The ALJ discussed Dr. Covin's completion of personality and memory functionality tests which led him to conclude that Wilson has emotional distress and is introverted. (*Id*.) Results also showed

---

[6] The Commissioner notes that SSR 06-03p has been rescinded but remains applicable to cases such as Wilson's that were filed prior to March 27, 2017. (Doc. No. 15 at 12, n.9.) The Eleventh Circuit has held that SSA rulings are accorded deference. *Fair v. Shalala*, 37 F.3d 1466, 1468-69 (11th Cir. 1994).

[7] Notably, Wilson does not challenge the ALJ's assessment of Dr. Covin's findings regarding his mental health, the area of Dr. Covin's expertise.

that Wilson had normal mental status, intact memory, normal item recall, and demonstrated abilities to perform mathematical equations. (*Id.*) Given the ALJ's incorporation of Dr. Covin's findings into Wilson's RFC, the failure to assign a specific weight to the opinion did not prejudice Wilson. *See Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016) (harmless error where ALJ's findings did not state the particular weight assigned to a mental evaluation, but were nonetheless consistent with the evaluation and reflected thoughtful consideration of the findings). Here, as in *Colon*, the ALJ's decision showed full consideration of Dr. Covin's findings and considered his findings of impairments as well as normal functions. *Id*.

Further, because Dr. Covin did not conduct any tests or examinations related to Wilson's alleged physical disability, his opinion on that issue is cumulative of the medical evidence and did not warrant further discussion by the ALJ. *See De Olazabal v. Soc. Sec. Admin., Comm'r*, 579 F. App'x 827, 832 (11th Cir. 2014) (ALJ's failure to reference report from "other source" in assessing RFC was harmless where it was "merely cumulative" of claimant's testimony and medical evidence").

D.   The ALJ's RFC Finding Is Supported By Substantial Evidence.

Wilson claims that the ALJ's finding of his RFC is not based on substantial evidence. (Doc. No. 13 at 11.) The Commissioner responds by arguing that the ALJ cited substantial evidence when determining Wilson's RFC. (Doc. No 15 at 13.)

The Court does not agree with Wilson. The entirety of the record shows an abundance of relatively normal medical reports. The record contains a physical analysis of Wilson wherein he is described to have normal cardiovascular rate and rhythm, a normal

gait, no joint effusion, normal lung health, and to be in a normal mood. (R. 436.) He also denied having the feelings of fatigue and malaise. (*Id*.) In addition, Wilson testified that he continued to serve in the Army Reserves for almost two years beyond the date he alleges is the onset date of his disabilities. (R. 213.) Wilson also testified that he mows the lawn and weeds the yard, and goes to the park to walk for exercise. (R. 207-08.) Further, the testimony of Wilson's spouse details these activities and adds that Wilson performs personal care, drives, and attends church. (R. 381-85.) Finally, Wilson completed a range of mental testing in which he was determined to have a normal mental status, including being awake and alert, in a normal mood, an intact memory, and an ability to recall objects and repeat four digits forward and three backward. (R. 436, 492-93.) Accordingly, the Court finds that the ALJ fashioned an appropriate RFC based on substantial evidence in the record.

## VI. CONCLUSION

After review of the administrative record, and considering all of Wilson's arguments, the Court finds the Commissioner's decision to deny him disability is supported by substantial evidence and is in accordance with applicable law. Accordingly, it is hereby

ORDERED that the decision of the Commissioner is AFFIRMED.

A separate judgment will be issued.

DONE this 30th day of July, 2021.

*/s/ Jerusha J. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE